FILED
SUPERIOR COURT
OF GUAM

2021 DEC 14 PM 2: 50

CLERK OF COURT
BY: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| BANK OF HAWAII, | Superior Court Case No. <u>CV0485-21</u> |
| Plaintiff, | |
| vs. | **DECISION AND ORDER RE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| DIOSDADO CAASI, | |
| Defendant. | |

The Court here considers Plaintiff Bank of Hawaii's ("BOH") Motion for Summary Judgment on its claims against Defendant Diosdado Caasi. BOH alleges that Caasi failed to make payments on a promissory note (the "Note") executed by him. BOH seeks summary judgment on its claims that Caasi is liable for the Note's principal balance, $24,988.44; accrued interest of $1,608.35; additional interest at the rate of 12.5% per annum from March 13, 2020, until the date of judgment; reasonable attorney's fees and expenses, not to exceed 15% of the unpaid balance; and post-judgment interest on the judgment at the prevailing interest rate of 6% per annum. After reviewing the record and relevant law, the Court finds that Caasi failed to provide specific facts indicating a genuine issue for trial. The Motion for Summary Judgment is therefore GRANTED.

## I.   UNDISPUTED FACTS

The Court finds it undisputed that:

1. On August 7, 2018, BOH and Caasi executed the Note wherein BOH loaned Caasi $30,000 at an annual interest rate of 12.5%. Compl., Ex. A (June 8, 2021).

ORIGINAL

2. Under the terms of the Note, Caasi agreed to pay BOH fifty-nine monthly payments of $675.11, beginning on September 7, 2018, and one last payment estimated at $675.37. Compl., Ex. A.

3. Caasi last made a payment to BOH on September 7, 2018. Decl. Melvon Ahlo-Pinera, ¶ 6 (Oct. 20, 2021).

4. Under the terms of the Note, failing to make payments constitutes a "Payment Default," which permits BOH to accelerate the balance owed on the Note. Compl., Ex. A.

5. On March 13, 2020, BOH accelerated the Note. Decl. Melvon Ahlo-Pinera, ¶ 8.

6. Upon acceleration, Caasi was obligated to pay the unpaid principal balance and accrued interest. Compl., Ex. A.

7. On March 13, 2020, the balance owing on the Note was $24,988.44 in principal and $1,608.35 in accrued interest. Decl. Melvon Ahlo-Pinera, ¶ 8.

8. Under the terms of the Note, upon default, the total sum due continues to accrue interest at a rate of 12.5%. Compl., Ex. A.

9. Additional interest continues to accrue until a Judgment is entered. Decl. Melvon Ahlo-Pinera, ¶ 8.

10. The Note provides for a defaulting party's payment of all expenses incurred while collecting under the Note, including attorney fees and expenses not exceeding 15% of the unpaid debt after default. Compl., Ex. A. No particular calculation of attorney's fees has yet been provided.

## II.  LAW AND DISCUSSION

Under Guam Rule of Civil Procedure 56(c), summary judgment is proper "if the

ORIGINAL

pleadings, depositions, answers to interrogatories, and admissions on file, together with other affidavits, if any, show there is no genuine issue of material fact that the moving party is entitled to a judgment as a matter of law." When a motion for summary judgment is made, an adverse party may not rest upon allegations or denials of the adverse party's pleading. GRCP 56(e). The adverse party's response must set forth specific facts showing a genuine issue for trial. *Id.* If, after adequate time for discovery, the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," then Rule 56(c) requires entry of summary judgment. *Kim v. Hong*, 1997 Guam 11 ¶ 8. When deciding a motion for summary judgment, "the court must draw inferences and view the evidence in a light most favorable to the non-moving party." *Bank of Guam v. Flores*, 2004 Guam 25 ¶ 7.

Generally, in a contract dispute, a motion for summary judgment may be granted only where the agreement's language is unambiguous and conveys a definite meaning. *Edwards v. Pac. Fin. Corp.*, 2000 Guam 27 ¶ 9; *see also John Hancock Mutual Life Ins. Co. v. Amerford Int'l. Corp.*, 22 F.3d 458 (2nd Cir. 1994). The contractual language is unambiguous when it has "a definite and precise meaning, unattended by danger of misconception in the purport of the [contract] itself and concerning which there is no reasonable basis for a difference of opinion." *John Hancock Mutual Life Ins. Co.*, 22 F.3d at 461. "A contract must be interpreted as to give effect to the mutual intentions of the parties at the time of contracting." *Edwards*, 2000 Guam 27 ¶ 9 (quoting 18 GCA § 87102).

After reviewing the undisputed facts, the Court finds no issue of material fact remains as to Caasi's liability for $24,988.44 in principal and $1,608.35 in accrued interest. The Court also finds no issue of material fact as to Caasi's liability for the additional interest that accrues on the

ORIGINAL

total sum due after default, at a rate of 12.5%, from March 13, 2020, until a Judgment is entered. Lastly, the Court finds no issue of material fact as to whether Caasi is obligated to pay reasonable attorney fees and expenses incurred by BOH in collecting on the Note, not to exceed 15% of the unpaid debt after default.

## III.    CONCLUSION AND ORDER

In summary, the Court GRANTS Plaintiff's Motion for Summary Judgment as to Plaintiff's claim for the unpaid balance of $24,988.44; accrued interest in the amount of $1,608.35, additional interest that accrues from March 12, 2020, until Judgment is entered at a rate of 12.500%; and reasonable attorney fees and expenses.[1] Within fourteen days of entry of this order, Plaintiff shall submit a proposed judgment reflecting the amounts deemed undisputed. Moreover, the amount sought to be awarded as attorney's fees must be supported by an affidavit or other admissible evidence.

SO ORDERED this 14th day of December 2021.

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:
_____
_____
Date:_____Time:_12/14/21_
**Joseph Bamba, Jr.**
Deputy Clerk, Superior Court of Guam

_____
**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

Appearing Attorneys:
Terrence M. Brooks, Esq., Brooks Concepcion Law, P.C., for Plaintiff Bank of Hawaii
Vanessa L. Williams, Esq., Law Office of Vanessa L. Williams, P.C., Defendant Diosdado Caasi

_____

[1] BOH also seeks an award for post-judgment costs. This request is premature until such costs have been incurred.

ORIGINAL